UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHMUEL ZARZAR, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:23cv28 (MPS) |
| | : | |
| WARDEN PULLEN, | : | |
| Respondent. | : | |

**RULING ON PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241**

The petitioner, Shmuel Zarzar, is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP") who was housed at FCI-Danbury when he filed the petition. Pet., ECF No. 1. He is serving a sentence of 84 months' incarceration with five years' supervised release. *See id.* at ¶ 4.[1]

Petitioner filed the instant petition, challenging his allegedly unconstitutional disciplinary sanctions of sixty days in segregation, a 720-day loss of telephone privileges, and 41-day loss of Good Time. *Id.* at ¶ 6, 7-8. He requests the Court to order (1) expungement of his incident report #3515331 and (2) restoration of his privileges taken away as result of that incident report. *Id.* at ¶ 15.

Respondent has filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dis., ECF No. 7. For the reasons that follow, the Court grants the motion to dismiss.

**I.      STANDARD OF REVIEW**

The "Court reviews a motion to dismiss a habeas petition according to the same principles

---

[1]*See* ECF No. 45 at 30, Docket.1:18-CR-177 (JMF) (S.D.N.Y.). *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record.").

as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.*

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II.     FACTUAL BACKGROUND

The Court recounts the following factual background as reflected in the materials submitted in support of the petition. The Court also includes facts reflected in Respondent's materials, including the Discipline Hearing Officer Report, consistent with the standard for a motion to dismiss under Federal Rule 12(b)(6).

On June 17, 2021, Petitioner received an incident report for possession of a hazardous tool in violation of BOP Code 108. Pet. at ¶ 13. Code 108, which is a charge of "greatest severity", prohibits:

> Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device).

28 C.F.R. § 541.3, Table 1, 108.

Petitioner claims he was found with only an SD card provided to inmates by the facility for a new model of MP3 player. *Id.* at ¶ 13. Petitioner maintains that he should been charged with a lesser offense of moderate severity for the possession of contraband in violation of BOP Code 305,

which prohibits "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." 28 C.F.R. § 541.3, Table 1, 305; *see* Pet. at ¶ 13.[2] In his administrative remedy appeal, Petitioner stated: "The night before the search, I had inserted an SD card given to me by another inmate. I wanted to see if the SD cards from the new model MP3 players would be compatible with my older model. I have long been a tinker and am curious about how electronic equipment operates…. I acknowledge that I could, perhaps, be found guilty of the lesser violation [of a Code 305] because I was not authorized to have another inmate's property in my cell." *Id.* at 12.

Petitioner claims that when he entered the disciplinary hearing, Hearing Officer Darden stated: "Zarzar, I told you I did not want to see you again in here." *Id.* at ¶ 13(a). Petitioner represents that Officer Darden previously imposed a fee of $500 on him. *Id.* Petitioner asserts that he stated that he was guilty at the disciplinary hearing for his Code 108 violation so that he would not "further" anger Hearing Officer Darden. *Id.* Petitioner now asserts that the evidence of his guilty plea does not support a Code 108 conviction. *Id.*

In the Discipline Hearing Officer Report,[3] Hearing Officer Darden noted that Petitioner "had no documentary evidence to present[,]" did not "request for the services of a staff representative[,]" and "did not request any witnesses to provide testimony on [his] behalf." Resp't Ex. B, ECF No. 7-1 at 8. He explained the bases of his conclusion that Petitioner committed the "prohibited act of Possession of hazardous tool" were the reporting officer's written statement and Petitioner's own statement of guilt for "Possession of a hazardous tool." *Id.* at 8-9.

---

[2] Later, Petitioner claims that he should have been charged with "[r]emoving or tinkering with a device received through proper channels (or possessing property from another inmate)." *Id.* at 7.

[3] The Discipline Hearing Officer Report indicates that it was delivered to Petitioner on July 14, 2021.

In addition, Hearing Officer Darden set forth the following reasons underlying his imposition of the sanctions of 60 days in segregation, 41 days of Good Time Credit loss, and 720 days of telephone privilege loss:

> Possession of electronic communication devices, e.g., cellular cellphones, MP3 players, and related equipment, seriously impacts institutional safety and security and are considered a hazardous tool in a correctional environment, as they can be used in an escape attempt by containing an audio recording of escape plans or to serve as a means to introduce contraband, circumvent inmate phone monitoring, planned acts of violence, and pass on illicit information. Allowing this behavior poses problems in managing the inmate population, which threatens the safety and security of the institution. The sanctions imposed by the DHO were taken to express the gravity of the infraction and let the inmate know that he will be held responsible for his actions at all times. Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.

*Id.* at 9.

## III.    DISCUSSION

Under 28 U.S.C. § 2241, a federal prisoner "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas review in federal court. 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence, and such petitions are appropriately used to expunge disciplinary sanctions, including the loss of good time credits, from a prisoner's record. *See Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001).

The Fifth Amendment to the U.S. Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. And inmates deprived of Good Time Credit as a result of disciplinary proceedings are entitled to the minimum due process. *Superintendent v. Hill*, 472 U.S. 445, 453 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974) (noting that prisoner's good time credits created under state law gave rise

5

to liberty interest). But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. "[T]o comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *Williams v. Menifee*, 331 Fed. App'x 59, 60 (2d Cir. 2009) (quoting *Superintendent*, 472 U.S. at 454). Judicial review of the written findings required by due process is limited to determining whether the disposition is supported by "some evidence." *Id.* at 455. More specifically, there must be "reliable evidence" in the record that supports the disciplinary ruling. *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (construing "some evidence" as "reliable evidence" of inmate's guilt).

Petitioner does not challenge his disciplinary sanctions on grounds that he was not afforded sufficient written notice, an opportunity to call witnesses and present documentary evidence in his defense, or a written decision stating the evidence relied upon and the reasons for the disciplinary action.

Petitioner argues Officer Darden's decision finding him guilty of a Code 108 offense was not supported by reliable evidence. Reply, ECF No. 8 at 2-3. He first claims that his guilty plea cannot support Hearing Officer Darden's decision because his possession of an SD card does not fall within the conduct prohibited by Code 108. *Id.* at 2-3; *see* Pet. at ¶ 13. He explains that that his statement of guilt only admitted to his possession of the SD card but not to the Code 108 violation. Reply at 3.

Here, Petitioner fails to show his entitlement to relief based on a Fifth Amendment due process violation. He points to no facts suggesting that Hearing Officer Darden did not reasonably interpret Petitioner's disciplinary hearing testimony that he was guilty as an admission to the charged Code 108 offense or that Hearing Officer Darden's finding of guilt was not supported by reliable evidence. *Spiaggi v. Pullen*, No. 3:22-CV-276 (CSH), 2023 WL 4458263, at *4 (D. Conn. July 11, 2023) (granting motion to dismiss because disciplinary guilty finding was based on reliable evidence as DHO reasonably interpreted Petitioner's disciplinary hearing testimony as confession to a disciplinary infraction).

Petitioner claims that he should have been charged with a different offense for his conduct. But Hearing Officer Darden reasonably explained how Petitioner's conduct fell within the scope of a Code 108 offense, and judicial deference is owed to the informed judgments of prison authorities. *See Giano v. Senkowski*, 54 F.3d 1050, 1055 (2d Cir. 1995) (according "substantial deference to the informed judgment of prison officials on matters of prison administration" and noting prison officials "must be allowed to take reasonable steps to forestall violence").

Petitioner asserts further that his guilty plea cannot serve as reliable evidence because he was "coerced" by Hearing Officer Darden into making a statement to admit his guilt for the Code 108 violation. Pet. at 8. Petitioner claims that he pleaded guilty to the Code 108 violation due to the implied threat by Hearing Officer Darden. Reply at 1. Petitioner refers to Hearing Officer Darden's prior imposition of a $500 fee on him and alleges that Hearing Officer Darden has a propensity to render guilty findings. Pet. at ¶ 13; Reply at 8. But Petitioner offers no facts to describe how Officer Darden threatened or coerced him to enter his guilty plea for a Code 108 violation. Petitioner's vague and conclusory assertion of being coerced alone cannot support his

entitlement to relief based on a due process claim that Hearing Officer Darden's decision lacked reliable evidence. *United States v. Sykes,* No. 05-CR-6057 CJS, 2011 WL 282356, at *5 n.29 (W.D.N.Y. Jan. 26, 2011) (noting petitioner's "vague and conclusory assertions … that he was 'denied due process' fail to establish any entitlement to relief.").

Accordingly, the Court concludes that the Petition and documents incorporated by reference reflect that Hearing Officer Darden's decision to find Petitioner guilty was sufficiently supported by reliable evidence. Thus, Petitioner has not stated any plausible grounds for relief and Respondent's motion to dismiss must be granted.

## IV.    CONCLUSION

For the foregoing reasons, the petition brought under 28 U.S.C. § 2241 is DENIED. The clerk is instructed to close this case. Any appeal from this order would not be taken in good faith.

_____/s_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 2nd day of November 2023, at Hartford, Connecticut.